UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARLOS NIEVES,

        Petitioner,

  - against -

DALE ARTUS, Superintendent,

        Respondent.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
05-CV-3904 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Petitioner *pro se* Carlos Nieves brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 30, 2002, conviction for rape, sexual assault, and unlawful imprisonment in New York State Supreme Court, Kings County. (Pet. (Doc. No. 1) at 1.) For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

## PROCEDURAL HISTORY

Petitioner was convicted following a jury trial of rape in the first degree, sexual assault in the first degree, and unlawful imprisonment in the first degree. (*Id*.) On May 30, 2002, Petitioner was sentenced to prison terms of twenty years for the rape conviction, two-and-one-third years to seven years for the sexual abuse conviction, and one-and-one-third to four years on the unlawful imprisonment conviction, all sentences to run concurrently. (Aff. in Opp. (Doc. No. 6) ¶ 6.) Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, on June 16, 2003, alleging that he had been deprived of a fair trial by prosecutorial misstatements during summations and that his sentence was excessive. (Exs. to Aff. in Opp.

(Doc. No. 6), Ex. B.)[1]  The Appellate Division affirmed petitioner's sentence on December 8, 2003.  *See People v. Nieves*, 767 N.Y.S.2d 913 (N.Y. App. Div. 2003).  On January 29, 2004, the New York Court of Appeals denied leave to appeal.  *See People v. Nieves*, 776 N.Y.S.2d 231 (N.Y. 2004).

On March 30, 2004, petitioner moved in the Appellate Division for a writ of error *coram nobis*, arguing that he had been deprived of the effective assistance of appellate counsel.  (Ex. G.)  The Appellate Division denied the motion on June 28, 2004.  *See People v. Nieves*, 778 N.Y.S.2d 887 (N.Y. App. Div. 2004).  On September 14, 2004, petitioner moved for an order to vacate his conviction pursuant to N.Y. Crim. P. L. § 440.10.  (Ex. J.)  Petitioner claimed that he had been deprived of the effective assistance of counsel because his trial attorney had failed to (1) advise petitioner to accept a plea offer; (2) explain that whether petitioner would testify was petitioner's decision; (3) adequately prepare petitioner to testify; (4) discuss trial strategy with petitioner; and (5) explain the consequences of petitioner's waiving his right to be present during sidebar discussions.  (*Id.*)  On March 15, 2005, the New York State Supreme Court denied petitioner's motion to vacate his conviction.[2]  (Ex. M.)  The Appellate Division denied leave to appeal on May 31, 2005.  (Ex. N.)

Petitioner timely filed his petition for habeas corpus in this Court; the District Attorney of Kings County filed a response on behalf of respondent[3] (Doc. No. 5); petitioner filed a reply.  (Doc. No. 12.)

---

[1] Unless otherwise indicated, all citations to exhibits refer to the state court record submitted as exhibits to respondent's opposition (Doc. No. 6).

[2] The Honorable Michael A. Gary, the judge who denied the § 440.10 motion, also presided during petitioner's trial.

[3] The District Attorney of Kings County undertook representation of respondent pursuant to an agreement with the Attorney General of the State of New York.  (*See* Aff. in Opp. (Doc. No. 5) ¶ 2.)

**STANDARD OF REVIEW**

Consistent with the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), federal courts may grant a petition for habeas corpus to a state prisoner on a claim "adjudicated on the merits" in state court only where the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Conversely, claims that have not been adjudicated on the merits are subject to *de novo* review. *Washington v. Schriver,* 255 F.3d 45, 55 (2d Cir. 2001). A state court's factual findings are presumed to be correct and may be overturned only if a petitioner offers "clear and convincing evidence" that the findings were in error. 28 U.S.C. § 2254(e)(1).

A state court adjudicates a petitioner's federal constitutional claims "on the merits" when "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001). The "state court need not mention the argument raised or cite relevant case law in order for its ruling to constitute an 'adjudication on the merits.'" *Brown v. Artuz,* 283 F.3d 492, 498 (2d Cir. 2002) (citing *Aparicio v. Artuz,* 269 F.3d 78, 94 (2d Cir. 2001)). Thus, a state court ruling simply that a claim is "without merit" constitutes an adjudication on the merits of that claim. *See Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006) (citing *Fama v. Comm'r of Corr. Services*, 235 F.3d 804, 810-11 (2d Cir. 2000)). . "[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established

Supreme Court precedent." *Sellan*, 261 F.3d at 311-12. "Stated simply," under § 2254(d)(1) this Court is confined to the question of "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (O'Connor, J.).

Additionally, a federal court may review a petition for a writ of habeas corpus only to the extent that a petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir. 1994). Exhaustion "mandates a habeas petitioner to have 'fairly presented' in state court the claims that are raised in the habeas petition." *Bohan v. Kuhlmann*, 234 F.Supp.2d 231, 243 (S.D.N.Y. 2002), *aff'd*, 66 F. App'x 277 (2d Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). This means that each factual allegation underlying a claim of ineffective assistance of counsel must first have been fairly presented to a state court. *See Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991).

Finally, the Court is mindful of its obligation to "construe a *pro se* complaint liberally." *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citations omitted). In other words, the Court holds *pro se* pleadings to a less exacting standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F.Supp. 257, 259 (E.D.N.Y. 1995).

# DISCUSSION

Petitioner contends that his incarceration violates the U.S. Constitution because his conviction was obtained at a trial marred by both prosecutorial misconduct and ineffective assistance of counsel. The Court considers each of these grounds in turn.

## I. Prosecutorial Misconduct

Federal habeas review is not available for federal constitutional claims if the state court's decision rested on a state law ground independent of the federal issue that is adequate to support the state court's judgment. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Fox Film Corp. v. Muller,* 296 U.S. 207, 210 (1935). This prohibition applies to procedural state law grounds in the context of habeas petitions and "bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman,* 501 U.S. at 729–30; *Ulster County Court v. Allen,* 442 U.S. 140, 148 (1979).

Petitioner claims that he was deprived of a fair trial by statements made by the prosecutor during summations. (Pet. (Doc. No. 1) at 23.) The proper state procedure, however, was to object to the prosecutor's conduct during trial. *See* N.Y. Crim. P. Law § 470.05(2) (McKinney 2013); *Reyes v. Keane,* 118 F.3d 136, 138 (2d Cir. 1997). The New York appellate courts that reviewed petitioner's case found that he failed properly to preserve this issue for direct appeal.[4] *See Nieves*, 767 N.Y.S.2d at 913 ("The questions or comments the defendant now challenges are

---

[4] "There is one very narrow exception to the requirement of a timely objection. A defendant in a criminal case cannot waive, or even consent to, error that would affect the organization of the court or the mode of proceedings prescribed by law." *People v. Patterson*, 347 N.E.2d 898, 902 (N.Y. 1976), *aff'd sub nom. Patterson v. New York*, 432 U.S. 197 (1977). Neither the Appellate Division nor the Court of Appeals found this exception applicable to petitioner's case. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (internal citations omitted).

unpreserved for appellate review as they were not objected to at the trial." (citations omitted)). It is settled law that the New York rule regarding preservation is generally an independent and adequate state ground. *See Clark v. Perez,* 510 F.3d 382, 390 (2d Cir. 2008); *Garcia v. Lewis,* 188 F.3d 71, 76-77, 79 (2d Cir. 1999); *Brown v. State of New York,* No. 04-CIV-1087, 2006 WL 3085704 at *2 (E.D.N.Y. Oct. 30, 2006). Deference to an independent and adequate state ground rests on concerns of federalism and comity between state and federal courts. *See Coleman,* 501 U.S. at 730. Moreover, fealty to state procedural rules – and their consequences – respects state judicial processes and encourages adherence to state rules. Otherwise, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of . . . jurisdiction and a means to undermine [a] State's interest in enforcing its laws." *Coleman,* 501 U.S. at 730–31. The independent and adequate state ground that petitioner failed to preserve his claim renders it procedurally barred and usually unreviewable.

Nonetheless, a procedurally defaulted claim may still be examined if a petitioner can demonstrate adequate "cause" for and "prejudice" resulting from the default. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "A defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel." *Aparicio*, 269 F.3d at 91. However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

Though it rejected petitioner's claim of prosecutorial misconduct on preservation grounds, the Appellate Division also held that "[i]n any event, a prosecutor 'has broad latitude'

6

in responding to the defense counsel's summation or commenting on the trial testimony" and the "remarks either were fair response to the defense counsel's summation or fair comment on the trial testimony." 767 N.Y.S.2d at 913. Prosecutorial misconduct requires a showing that the statements complained of were "so egregious as to violate the defendant's due process rights." *Tankleff v. Senkowski,* 135 F.3d 235, 252 (2d Cir. 1998); *Osorio v. Conway*, 496 F.Supp.2d 285, 301 (S.D.N.Y. 2007). "[C]onstitutional error occurs only when the prosecutorial remarks were so prejudicial that they rendered the trial in question fundamentally unfair. *Garofolo v. Coomb*, 804 F.2d 201, 206 (2d Cir. 1986) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). Under clearly established federal law, it was not unreasonable for the state courts to determine that the prosecutor's remarks did not render petitioner's trial fundamentally unfair. Trial counsel cannot be labeled ineffective merely for failing to object to isolated remarks by a prosecutor that were proper – or even arguably proper. *Cf. United States v. Arena,* 180 F.3d 380, 396 (2d Cir. 1999), *cert. denied*, 531 U.S. 811, 121 (2000) ("Failure to make a meritless argument does not amount to ineffective assistance."). Accordingly, petitioner cannot establish the requisite "cause" and "prejudice" necessary for this Court to afford review to his claim for prosecutorial misconduct. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

**II.    Ineffective Assistance of Trial Counsel**

Petitioner also claims that his representation at trial deprived him of his constitutional right to the effective assistance of counsel under the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970) (citations omitted). In particular, petitioner asserts that his counsel was ineffective because counsel failed to (1) properly advise

7

petitioner as to the desirability of accepting a plea offer; (2) explain that petitioner retained ultimate control over testifying in his own defense; (3) prepare petitioner to testify; (4) discuss trial strategy with petitioner; (5) advise petitioner of the consequences of waiving his state right to be present during sidebars; and (6) make proper objections regarding two allegedly sleeping jurors during trial. (*See* Pet. (Doc. No. 1) at 14-24; Pet'r's Reply (Doc. No. 12) at 3.)

As an initial matter, petitioner raised his claims before the New York State Supreme Court and the Appellate Division. To the extent necessary, petitioner also sought leave to appeal to the New York Court of Appeals. Petitioner's claims were rejected on the merits in each instance. Therefore, the instant claims were adjudicated on the merits and are exhausted for purposes of § 2254(d).

Whether an individual has been deprived of effective assistance of counsel is a mixed question of law and fact governed by the familiar analysis set forth in *Strickland*. In order to prove that his counsel was ineffective, petitioner must show that (1) his counsel's performance at trial "fell below an objective standard of reasonableness" and (2) the deficient performance caused him substantial prejudice. 466 U.S. at 688, 691. "The performance and prejudice prongs of *Strickland* may be addressed in any order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Gersten v. Senkowski*, 299 F.Supp.2d 84, 99 (E.D.N.Y. 2004), *aff'd*, 426 F.3d 588 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 697). Moreover, an attorney is presumed to have acted reasonably and where "counsel is prepared and familiar with the relevant facts and legal principles," a claim that trial counsel was ineffective will usually fail. *United States v. DiPaolo,* 804 F.2d 225, 234 (2d Cir. 1986).

### A. Failure to Advise Regarding Plea Offer

Petitioner first alleges that his trial counsel failed properly to advise him as to the desirability of accepting a plea offer. In response to petitioner's motion to vacate his conviction, petitioner's trial counsel submitted an affidavit stating that the "[d]efendant and I repeatedly reviewed the nature and strength of the People's evidence against him, his plea options, and his potential exposure following a conviction after trial." (Ex. L ¶ 6.) Specifically, counsel averred that he "conveyed the plea offer to defendant and explained that, if he was convicted of first-degree rape after trial, he could be sentenced to a determinate term of imprisonment ranging from five to twenty-five years." (*Id.* at ¶ 8.)

Moreover, in its order denying petitioner's motion to vacate the conviction, the trial court specifically noted that "the transcribed minutes from October 26, 2001[,] reflect not only that the People's offer out loud and on the record was a plea offer to Rape in the first degree and a sentence of 6 years, but also that [petitioner] consented to a blood test for DNA comparison. Right after that was conveyed, the court pointedly explained to Mr. Nieves the consequences of going to trial. Whether or not to do so clearly remained his decision – not his attorney's." (Ex. M at 3-4.) The Appellate Division affirmed the order denying petitioner's motion. (Ex. N.)

Petitioner offers only his own assertions that counsel failed to explain or discuss the plea offer. Even if petitioner could establish that his trial counsel failed adequately to explain the advantages of accepting the plea, petitioner was clearly and unequivocally aware of the offer and the consequences of proceeding to trial following the colloquy on the record. In short, there was ample reason for the state courts to conclude that petitioner could not show substantial prejudice.

### B. Failure to Explain Petitioner's Right to Testify

Next, petitioner argues that "it was clearly error and ineffective assistance of trial counsel to have improperly advised [him] not to testify in [*sic*] his own behalf . . . ." (Pet'r's Reply (Doc. No. 12) at 8.) While petitioner is correct that the ultimate decision regarding whether or not to testify rests with a defendant, *see, e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751 (1983), it does not follow that counsel may not advise against offering such testimony. "Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify." *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Brown*, 124 F.3d at 79) (internal alterations omitted). Provided counsel "inform[s] the defendant that the ultimate decision whether to take the stand belongs to the defendant," an attorney "should *always* advise the defendant about the benefits and hazards of testifying and of not testifying, and may strongly advise the course that counsel thinks best . . . ." *Brown*, 124 F.3d at 79 (emphasis added).

A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689-90. Petitioner had no prior criminal record and offered no other witnesses in his defense. (*See* Ex. A, Pt. 5 at 193-251.) Absent his own testimony regarding the events of the night in question, petitioner's conviction would seem to have been all but assured. Under the deferential standard of § 2254(d), the Court is unable to conclude that the state courts unreasonably applied clearly established federal law.[5]

---

[5] The Court notes, too, that petitioner has simultaneously argued that his counsel was ineffective for *allowing* him to testify. (*See* Pet. (Doc. No. 1) at 18, 20-21.) A "wide range of reasonable professional assistance" is certainly broad enough to prevent trial counsel from being thrust between Scylla and Charybdis in this instance.

### C. Failure to Prepare Petitioner to Testify

Petitioner also asserts that trial counsel failed adequately to prepare him to testify. The Court disagrees. "[T]he conduct of examination and cross-examination is entrusted to the judgment of the lawyer . . . ." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). Aside from asserting that "trial counsel arbitrarily called [him] to the witness stand without any meaningful prior consultation as to trial strategy for having [him] testify" (Pet. (Doc. No. 1) at 20), petitioner has made no showing that additional preparation before his testimony would have resulted in a different outcome at trial. *Cf. United States v. Mocombe*, No. 98-CR-70 (HB), 2000 WL 488464, at *2 (S.D.N.Y. Apr. 24, 2000), *aff'd in part, appeal dismissed in part*, 4 F. App'x 52 (2d Cir. 2001). Indeed, petitioner's version of events, which was apparently rejected by the jury, has not changed. Even assuming a lack of preparation, it is unclear given the facts of this case what effect any additional preparation would have had on his testimony. As such, it was not unreasonable for the state courts to find that petitioner's trial counsel had not been ineffective on this basis.

### D. Failure to Discuss Trial Strategy

Petitioner's next contention is that counsel was ineffective because counsel failed to discuss his strategy for trial. Counsel's affidavit states that he met with petitioner approximately five times prior to trial to discuss the case. (Ex. L ¶ 4.) Moreover, counsel stated that "[d]uring trial [he] met with the defendant on a daily basis" and that they "repeatedly reviewed the nature and strength of the People's evidence against [petitioner], his plea options, and his potential exposure following a conviction . . . ." (*Id.* ¶¶ 4, 6.) "Petitioner points to no specific instance where counsel failed to discuss an aspect of the case with him, and, because it appears that counsel met with petitioner several times, petitioner's vague assertions that counsel did not

11

consult him do not support an ineffective-assistance claim." *Smith v. McGinnis*, No. 01-CIV-1363 (RCC) (HBP), 2006 WL 6158214, at *15 (S.D.N.Y. May 19, 2006), *report and recomm. adopted*, 2008 WL 5203726 (S.D.N.Y. Dec. 11, 2008), *aff'd*, 347 F. App'x 695 (2d Cir. 2009). Under these circumstances, the state courts reasonably concluded that petitioner's trial counsel was not ineffective for failing to discuss trial strategy.

### E. Failure to Explain Consequences of Waiving Right to Be Present During Sidebars

Petitioner also argues that counsel was ineffective because he failed to inform petitioner of the consequences of waiving his right to be present at sidebars under *People v. Antommarchi*, 604 N.E.2d 97 (N.Y. 1992).[6] Petitioner's trial counsel stated that, "[b]efore defendant made that decision [to waive his right], I had explained to him that he had a right to be present at sidebar conversations with prospective jurors." (Ex. L ¶ 9.) Moreover, counsel stated that "defendant told me that he wanted to waive his *Antommarchi* rights because he did not want court officers accompanying him to the bench in front of the prospective jurors." (*Id.*) Although petitioner asserts "that having officers accompany [him] in front of jurors was of no significance to [him]" (Pet. (Doc. No. 1) at 21), such a concern is eminently plausible and fairly shrewd.[7] The state courts could reasonably have relied on this explanation to find that petitioner's trial counsel had not been ineffective.

Even assuming, however, that petitioner could show that his counsel's performance was deficient, petitioner cannot show that he suffered any prejudice from counsel's failing. The record of the trial reveals a detailed colloquy between the court and petitioner in which petitioner

---

[6] Any claim to this effect must be based solely upon an alleged failing of counsel. A "claim that [petitioner] was absent from sidebar conferences during trial does not rise to the level of a constitutional violation because the Federal Constitution does not require a defendant's presence at sidebar conferences." *Gaiter v. Lord*, 917 F. Supp. 145, 152 (E.D.N.Y. 1996).

[7] Moreover it is not, as petitioner suggests, a tactic that requires extensive legal knowledge or experience. (*See* Pet. (Doc. No. 1) at 21.)

12

knowingly and voluntarily waived his right to be present during sidebar discussions. (*See* Ex. A, Pt. 2 at 69-70.) Even if petitioner could establish that counsel failed to apprise him of the consequences of waiving his rights under *Antommarchi*, petitioner was certainly made aware of the consequences. Thus, the state courts' rejection of this contention was entirely reasonable.

### F. Failing to Object to Sleeping Jurors

Finally, petitioner claims that his counsel was ineffective for failing to object after the court twice awakened sleeping jurors. The record, however, discloses no such action by the court and petitioner has cited no other evidence to suggest that any jurors fell asleep during the trial. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. In the absence of any evidence to the contrary, the Court will not presume that counsel would overlook such an occurrence. Even so, failure to object to a sleeping juror would not demonstrate ineffective assistance. *See Ciaprazi v. Senkowski*, 151 F. App'x 62, 63 (2d Cir. 2005) (finding that "trial counsel's decision not to object may well have been based on his desire to retain the inattentive juror rather than to seek to replace him with an alternate"). Therefore, the state courts' dismissal of this claim was not unreasonable.

## III. Ineffective Assistance of Appellate Counsel

In his reply, petitioner also maintains that "assigned appellate counsel was equally as ineffective for failing to fully and properly raise these [above] errors for review on the state direct appeal, which equally deprived the Petitioner of the effective assistance of appellate counsel." (Pet'r's Reply (Doc. No. 12) at 3.) This claim was presented to and rejected on the merits by the Appellate Division. *See Nieves*, 778 N.Y.S.2d at 887. This is sufficient to exhaust petitioner's ineffectiveness claim with regard to his appellate counsel. *See Levine v. Comm'r of Corr. Services*, 44 F.3d 121, 124 (2d Cir. 1995) ("[T]he denial of a petition for a writ of error

*coram nobis* is not appealable to the Court of Appeals."); *People v. Adams*, 624 N.E.2d 175 (N.Y. 1993).

A claim that appellate counsel was ineffective is judged under the same *Strickland* standard. *See Smith v. Robbins*, 528 U.S. 259, 263 (2000). However, there is no "constitutional right to have appellate counsel raise every nonfrivolous issue that the defendant requests." *Jones v. Barnes*, 463 U.S. 745, 754 n.7 (1983). To establish ineffective assistance of appellate counsel, petitioner must "show[] that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). As is indicated above, the state courts did not act unreasonably by rejecting petitioner's claims for ineffective assistance of trial counsel and prosecutorial misconduct. Accordingly, the state courts did not act unreasonably in determining that appellate counsel's failure to raise those same issues on appeal did not constitute ineffective assistance.

## IV. Request for Evidentiary Hearing

Petitioner also urges that "there are viable, discernible issues of fact in this matter which are in dispute between the parties and which cannot be resolved without an evidentiary hearing." (Pet'r's Reply (Doc. No. 12) at 2.) When considering a petition under § 2254(d)(1), however, this Court is "limited to the record in existence at that same time[,] *i.e.,* the record before the state court." *Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011), *reh'g denied*, 131 S. Ct. 2951; *Ridgeway v. Zon*, 424 F. App'x 58, 60 (2d Cir. 2011).[8] "Because [petitioner] has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of

---

[8] The Court notes, however, that *Pinholster* expressly reserved decision on "whether a district court may *ever* choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." 131 S.Ct. at 1411 n.20 (emphasis added). While an evidentiary hearing might be appropriate under other circumstance, *e.g.*, where a record is so devoid of relevant facts as to frustrate or preclude a § 2254(d) determination, that is not this case.

14

habeas corpus 'shall not be granted' and [the Court's] analysis is at an end." *Pinholster,* 131 S. Ct. at 1411 n. 20. Accordingly, the Court is "barred from considering" any additional evidence petitioner would introduce now to support his claim. *Id.*

## CONCLUSION

For the forgoing reasons, the petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Soto v. United States,* 185 F.3d 48, 51 (2d Cir. 1999). Pursuant to 28 U.S.C. § 1915(a) (3), the Court certifies that any appeal from this Order would not be undertaken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to terminate the petition and to close this case.

The Clerk of Court is further directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
      February 20, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge